UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

                                                Chapter 13
                                  Case No.: 15-20816-PGH

**TERESA PAULA BURNS,**

   Debtor.
_____/

## OPPOSITION TO MOTION FOR SANCTIONS

Secured Creditor, **US BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF CABANA SERIES III TRUST AND BSI FINANCIAL SERVICES** (collectively "Secured Creditor"), hereby submit the following Opposition to Motion for Sanctions against Secured Creditor proposed by Debtor Teresa Paula Burns (the "Debtor").

## STATEMENT OF FACTS

1.    On June 15, 2015, Debtor filed a Chapter 13 Petition in the U.S. Bankruptcy Court (the "Bankruptcy").

2.    On August 28, 2015, Secured Creditor's predecessor, CitiMortgage, Inc. filed proof of claim #6-1 evidencing a total claim $209,409.67 and pre-petition arrearages of $79,828.28 secured by a mortgage against the real property located at 5541 NW 52 Circle, Coconut Creek, FL 33073 (the "Property"). The claim included an escrow analysis indicating that the monthly payment starting July 1, 2015 was $1,437.25, which included an escrow portion of $474.35.

3.    On January 5, 2016, a payment change notice was filed indicating a new monthly payment amount starting February 1, 2016 of $1,437.17, which included an escrow portion of $474.27.

4. According to the bankruptcy docket, on October 12, 2016, an order was entered approving a temporary loan modification agreement with Secured Creditor's predecessor providing for a trial period payment plan of three payments of $1,335.67 starting November 1, 2016.

5. According to the bankruptcy docket, on June 27, 2017, Secured Creditor's predecessor filed a motion seeking approval of a loan modification agreement dated February 3, 2017 providing for, among other things, monthly principal and interest payments of $752.60 and monthly escrow payments of $558.00, which may adjust periodically, starting March 1, 2017.

6. However, the loan modification agreement attached to the motion is not signed by either party.

7. On July 5, 2017, an order was entered approving the loan modification and providing that "Creditor and Debtor is authorized to take the necessary action to finalize the permanent loan modification."

8. On May 18, 2018, a payment change notice ("PCN1") was filed by Secured Creditor's predecessor providing for a new escrow payment of $536.58 and a principal and interest payment of $962.90.

9. On February 2, 2019, a transfer of claim was filed noticing the transfer of the subject loan to Secured Creditor.

10. On November 8, 2019, a payment change notice ("PCN2") was filed by Secured Creditor identifying a new escrow payment of $3,714.21 and a principal and interest payment of $962.90.

11. On January 9, 2020, a payment change notice ("PCN3") was filed by Secured Creditor identifying a new escrow payment of $3,498.32 and a principal and interest payment of $962.90.

12. On January 28, 2020, Debtor filed objections the PCN1, PCN2 and PCN3 as well as the instant motion for sanctions for allegedly violating the Court's July 5, 2017 order approving the loan modification.

13. However, the Debtor's motion for sanctions does not attach a fully executed copy of the loan modification agreement. In fact, the loan modification attached to the Debtor's motion for sanctions bears no signatures of the Debtor or Secured Creditor's predecessor.

14. Nonetheless, despite the lack of an executed loan modification agreement, Secured Creditor is reviewing the matter further in order to reconcile its records as the loan in question was transferred to Secured Creditor as unmodified.

## ARGUMENT

### A. DEBTOR HAS NOT MET HER BURDEN OF PROOF FOR SANCTIONS.

15. The purpose of civil contempt is to coerce compliance with a court order or to compensate another party for losses caused by violation of a court order. *International Union, UMWA v. Bagwell* (1994) 512 US 821, 827-828, 114 S.Ct. 2552, 2557-2558; *In re Icenhower* (9th Cir. 2014) 755 F3d 1130, 1139—party may be held in civil contempt only if it violated "a specific and definite order of the court" (internal quotes omitted); see also *In re Bradley* (5th Cir. 2009) 588 F3d 254, 263-264 (explaining difference between coercive and remedial civil contempt).

16. In order to prevail in their motion for contempt Debtor must provide clear and convincing evidence that 1) a valid order exists, 2) defendants had knowledge of the order, and

3) defendants disobeyed the order. *In re Land End Leasing, Inc.,* 220 B.R. 226 (Bankr. D.N.J. 1998). Furthermore, alleged contemnor's violation of the court order must be <u>willful</u> in order to warrant imposition of contempt sanctions. 11 U.S.C.A. § 524(a)(2). The court applies two-part test to determine whether contemnor's alleged violation of court order was "willful," as required to support imposition of contempt sanctions, and considers (1) whether alleged contemnor knew that court order applied, and (2) whether alleged contemnor intended the actions that violated the order. 11 U.S.C.A. § 524(a)(2).

    17.    To satisfy the first prong, knowledge of the applicability of the injunction must be proved as a matter of fact and may not be inferred simply because the creditor knew of the bankruptcy proceeding. *Zilog*, 450 F.3d at 1007–08; see also *Dyer*, 322 F.3d at 1191–92 (rejecting an attempt to infer knowledge of the automatic stay based on knowledge of the bankruptcy proceedings in the context of a contempt ruling). Additionally, the creditor's good faith belief that they are not in violation of the terms of the confirmed plan precludes a finding of contempt even if the creditor's belief is unreasonable, because this precludes a finding of a willful violation, similar to a willful violation of the discharge injunction. *Zilog*, 450 F.3d at 1009 n.14 ("To the extent that the deficient notices [from the bankruptcy court and opposing counsel] led the [creditors] to believe, even unreasonably, that the discharge injunction did not apply to their claims because they were not affected by the bankruptcy, this would preclude a finding of willfulness."). *In re Taggart*, 888 F.3d 438, 443–44 (9th Cir. 2018), cert. granted sub nom. *Taggart v. Lorenzen*, No. 18-489, 2019 WL 98543 (U.S. Jan. 4, 2019). Furthermore, "to be contumacious, the creditor's action must operate to coerce or harass the debtor improperly." *In re Collins*, 474 B.R. at 320; *In re Whitman-Nieves*, 519 B.R. 1, 11 (Bankr. D.P.R. 2014).

18. Debtor does not meet this burden of proof and does not provide any evidence to prove that Secured Creditor violated the court's order. While the court's order did approve the loan modification, the court's order merely authorized Debtor and Secured Creditor's predecessor to "take the necessary action to finalize the permanent loan modification." However, as a fully executed copy of the loan modification agreement has not been provided, it does not appear as though the permanent loan modification was ever properly finalized. Consequently, Secured Creditor should not be held in contempt under these circumstances.

19. Furthermore, despite the lack of a signed loan modification agreement, Secured Creditor is reviewing its records and reconciling the loan accordingly. Thus, Secured Creditor requests a continuance of the matter in order to complete its review and reconciliation of the loan and afford the parties additional time to meet and confer on the matter.

### B. SECURED CREDITOR SHOULD NOT BE SANCTIONED

20. To the extent the court determines that the Debtor has met her burden of proof to establish a discharge violation, substantial compliance" with a court order is a defense to contempt for violation of the order and is not vitiated by a "few technical violations" where every reasonable effort has been made to comply. *In re Dual-Deck Video Cassette Recorder Antitrust Litig.* (9th Cir. 1993) 10 F3d 693, 695; *FTC v. Lane Labs-USA, Inc.* (3rd Cir. 2010) 624 F3d 575, 589-592 (collecting cases)—party must establish its good faith in taking "all reasonable efforts to comply" and violation was "merely 'technical' or 'inadvertent'"; see *Salazar ex rel. Salazar v. District of Columbia* (DC Cir. 2010) 602 F3d 431, 441.

21. In addition to the matters discussed above, Secured Creditor is in the process of reconciling the subject loan to ensure proper application of payments that Debtor claims to have made. Secured Creditor has acted in good faith to comply with the order. Any alleged violation

was merely technical and inadvertent as a result of the lack of a fully executed loan modification agreement. Furthermore, Secured Creditor has not taken any action that could possibly be considered contemptuous during the time period in question and no foreclosure activity has taken place. Thus, Secured Creditor should not be found in contempt.

### C. DEBTOR HAS NOT PROVEN DAMAGES

22. The purpose of civil contempt is to coerce compliance with a court order or to compensate another party for losses caused by violation of a court order. *International Union, UMWA v. Bagwell* (1994) 512 US 821, 827-828, 114 S.Ct. 2552, 2557-2558; *In re Icenhower* (9th Cir. 2014) 755 F3d 1130, 1139—party may be held in civil contempt only if it violated "a specific and definite order of the court" (internal quotes omitted); see also *In re Bradley* (5th Cir. 2009) 588 F3d 254, 263-264. Civil contempt sanctions are remedial, not punitive. *In re Power Recovery Systems, Inc*. (1st Cir. 1991) 950 F2d 798, 802; see also *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003); *In re Wagner* (BC CD CA 1988) 87 BR 612, 619; see *In re Zartun* (9th Cir. BAP 1983) 30 BR 543, 546— damages may be awarded ancillary to contempt order "so long as they are not punitive."

23. Here, Debtor's motion seeks an award of financial sanctions of $10,000.00 and attorney's fees and costs of $5,000.00. However, Debtor fails to provide any evidence supporting the existence or amount of any such alleged damages or attorney's fees and costs. Debtor does not plead any damages with reasonable certainty. There are no facts in the Motion to explain how Debtor was damaged in any way. Furthermore, no evidence of the damages or attorney's fees and costs is attached to the Motion. There are no receipts, billing logs, or documents to substantiate any request for damages or attorney's fees and costs. Additionally, no declaration of the Debtor is attached to the Motion to substantiate the claims made in the Motion

Case 15-20816-PGH    Doc 162    Filed 02/27/20    Page 7 of 8

*Case No.: 15-20816-PGH*

or the damages pled. Furthermore, Secured Creditor challenges the amount of the attorney's fees and alleged damages as unreasonable.

## **CONCLUSION**

24. Debtor has not met her burden of proof and will be unable to do so because Secured Creditor has complied with the terms of the Order. Therefore, the court should deny Debtor's Motion in its entirety. Finally, Debtor provides no evidence to support the claim for damages and should not be awarded any damages as she did not prove them with reasonable particularity.

**Dated this 27th day of February, 2020.**

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd
North Miami Beach, FL 33162
Telephone: (305) 501.2808
Facsimile: (954) 780.5578

By: s/ Chase A. Berger
    Chase A. Berger, Esq.
    Florida Bar No. 083794
    cberger@ghidottiberger.com

*Case No.: 15-20816-PGH*

## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

I certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090-1(A).

By: /s/ Chase A. Berger
 Chase A. Berger, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 27, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

*Debtor*
**Teresa Paula Burns**
5541 NW 52 Cir
Coconut Creek, FL 33073

*Debtor's Counsel*
**Chad T Van Horn**
330 N Andrews Ave #450
Ft Lauderdale, FL 33301

*Trustee*
**Robin R Weiner**
www.ch13weiner.com
POB 559007
Fort Lauderdale, FL 33355

*U.S. Trustee*
**Office of the US Trustee**
51 S.W. 1st Avenue, Suite 1204
Miami, FL 33130

By: /s/ Chase A. Berger
 Chase A. Berger, Esq.